Trust u/w Lewis Baer, Mercantile Trust Company of Baltimore, and Julius Mintz, Trustees v. Commissioner.
Trust u/w Baer v. Commissioner
Docket No. 110590.
United States Tax Court
1943 Tax Ct. Memo LEXIS 312; 2 T.C.M. (CCH) 29; T.C.M. (RIA) 43225; May 10, 1943
*312 William A. Goodhart, Esq., 511 Title Bldg., Baltimore, Md., for the petitioners. Philip A. Bayer, Esq., for the respondent. TURNER
Memorandum Opinion TURNER, Judge: The respondent has determined deficiencies in the income tax of the Trust u/w Lewis Baer for the years 1937, 1938 and 1939 in the respective amounts of $532.17, $965.75 and $508.89. The issues raised by the pleadings are whether the respondent erred (1) in disallowing as a deduction in each of the taxable years the amount of $4,800 paid to the widow of Lewis Baer out of the net income of the trust; (2) in disallowing as a deduction in each of the taxable years the amount of $2,000 as payments made by the trust to the Lewis Baer Foundation, a charitable corporation; (3) in disallowing as a deduction for each of the taxable years, as income permanently set aside under the terms of the will to be used exclusively for charitable purposes, the balance of the net income remaining after payments to the widow and to Lewis Baer Foundation; and (4) in disallowing as deductions for trustees' commissions and expenses the amounts of $252.74, $879.39 and $792.70 for 1937, 1938 and 1939, respectively. The parties have disposed of *313 issues (2) and (4) by stipulating that deductions are allowable in the amounts of $500, $2,000 and $2,000 for 1937, 1938 and 1939, respectively, representing payments made to the Lewis Baer Foundation, and in the amounts of $252.74, $879.39 and $792.70 for 1937, 1938 and 1939, respectively, for trustees' commissions and expenses. The proceeding was submitted upon stipulations of facts with an accompanying document. The facts are found as stipulated and as shown by the document. [The Facts] Lewis Baer, sometimes hereinafter referred to as the decedent, died testate and a resident of Baltimore, Maryland, in 1928. He was survived by his wife, Mary A. Baer. His will was probated in the Orphans' Court of Baltimore City on May 4, 1928, and the petitioners are trustees under the will. Respecting the residuary portion of his estate, the decedent's will provided as follows: All the rest, residue and remainder of my property and estate of every kind and character, real and personal, wheresoever situate and whether in possession, remainder or expectancy, I give, devise and bequeath unto and to the Mercantile Trust and Deposit Company of Baltimore and Julius Mintz, in trust and confidence *314 nevertheless, to hold the same until one year after the death of my wife, Mary A. Baer, and during the term of the trust, to collect all income from said trust estate and property and after paying all taxes, necessary expenses and the usual commissions to the said trustees of five per centum (5%), to pay over the net income as follows: that is to say: To pay unto my wife, Mary A. Baer, the sum of forty-eight hundred ($4,800.00) dollars per annum during the term of her natural life or widowhood, in even and equal installments. And in the event my said wife shall remarry, then from and after the date of such remarriage to pay unto her the sum of twenty-four ($2400.00) dollars per annum during the remainder of her natural life in even and equal installments. Payments hereunder to my said wife shall be paid into her own hands and not into the hands of another and shall not be subject to any assignment or other disposition thereof by my said wife until they are actually received by her, it being my intent that she shall have no power to charge, encumber or anticipate the said income. And out of the balance of such net income, if any, to pay unto the Lewis Baer Foundation, Incorporated, *315 a corporation duly incorporated under the laws of the State of Maryland, the sum of two thousand ($2,000.00) dollars per annum, payable quarterly, during the term of this trust. Should there be any excess of net income after payment of the sums herein directed to be paid unto my said wife and the Lewis Baer Foundation, Incorporated, then I direct that such excess shall be added to and become part and parcel of the principal or corpus hereof. I direct that the payments of net income to be paid my said wife hereunder shall be first paid, or payment thereof assured her, before payment of the amount or any part thereof herein directed, shall be paid to the said Lewis Baer Foundation, Incorporated. In the event the net income from said trust estate and property shall be insufficient to pay my said wife an annual sum of forty eight hundred or twenty-four hundred dollars, as the case might be, as hereinbefore directed, then I authorize, empower and direct my said trustees to use and appropriate so much of the principal or corpus of said trust estate and property as may be necessary to make up any deficiency in any one or more years during the widowhood or lifetime of my said wife. Immediately *316 upon the expiration of one year after the death of my said wife, I direct the trust hereby created shall cease and determine, and thereupon the then principal or corpus of the said trust estate and property, together with any and all accumulated income therefrom, shall by my said trustees be paid over and distributed to the said Lewis Baer Foundation, Incorporated, free and clear from and of the said trust. I direct that the payments of income to my wife hereunder shall be made to her in monthly installments. Mrs. Baer was 52 years of age at the time of the decedent's death and according to the American Experience Table of Mortality had a life expectancy of 19 1/2 years. The respondent has ruled that the Lewis Baer Foundation is a charitable corporation. The trust under the will of Lewis Baer owned all of the outstanding stock of the Lewis Baer Realty Company, sometimes hereinafter referred to as Realty Company. In 1937 that company was liquidated and all of its assets were distributed to the trustees, the petitioners herein. The company had a fiscal year ended on August 31. The following is a statement for the years indicated of the Realty Company's net income before deduction *317 for depreciation, the amount of depreciation sustained, net income after deduction for depreciation, dividends paid, net charge or credit to surplus, and the balance of surplus at the end of each year: Net Income
Net Income
Before
After
Net Charge or Credit
Deducting
Depre-
Deducting
Dividends
To Surplus
Year
Depreciation
ciation
Depreciation
Paid
Charge
Credit
1928
1929
$ 8,256.91
$ 1,328.83
$ 6,928.08
$ 8,160.00
$1,231.92
1930
5,497.90
1,328.83
4,169.07
$ 4,169.07
1931
6,705.67
1,328.83
5,376.84
5,376.84
1932
9,235.19
1,328.83
7,906.36
5,040.00
2,866.36
1933
5,333.60
1,328.83
4,004.77
2,000.00
2,004.77
1934
5,596.66
1,328.83
4,267.83
3,400.00
867.83
1935
5,142.64
1,328.83
3,813.81
4,500.00
686.19
1936
3,734.98
1,328.83
2,406.15
3,000.00
593.85
1937
3,693.62
1,221.77
2,471.85
3,000.00
528.15
Total
$53,197.17
$11,852.41
$41,344.76
$29,100.00
$3,040.11
$15,284.76
Balance
of Surplus
at End
Year
of Year
1928
$35,749.38
1929
34,517.46
1930
38,686.53
1931
44,063.37
1932
46,929.73
1933
48,934.50
1934
49,802.33
1935
49,116.14
1936
48,522.29
1937
47,994.14
Total
*318 The following is a statement of the income of the trust for the years indicated from property held by the trustees after deduction of all expenses except depreciation and income taxes and exclusive of capital gains, depreciation sustained, and the balance of income after deducting depreciation: Year
* Income
Depreciation
Balance
1929
$ 9,539.84 $ $ 9,539.84
1930
6,586.28
6,586.28
1931
5,724.26
5,724.26
1932
8,860.94
8,860.94
1933
4,732.14
4,732.14
1934
5,273.91
5,273.91
1935
6,219.17
6,219.17
1936
6,021.30
6,021.30
1937
8,998.89
516.65
8,482.24
1938
10,062.75
1,240.00
8,822.75
1939
9,324.77
1,240.00
8,084.77
1940
9,348.33
1,240.00
8,108.33
1941
11,033.76
1,240.00
9,793.76
Total
$101,726.34
$5,476.65
$96,249.69
During 1937 and 1938 capital gains of $4,828.39 and $8,270.07, respectively, were credited to the corpus account of the trust. In 1939 accumulated *319 income of $3,000 was invested in securities and transferred from the income account of the trust to the corpus account. During each of the years 1937, 1938 and 1939 the trustees paid Mrs. Baer $4,800. They paid the Lewis Baer Foundation $500 in 1937 and $2,000 in each of the years 1938 and 1939. In determining the deficiencies in controversy, the respondent held that the $4,800 paid to Mrs. Baer in each of the years was not an allowable deduction in determining the taxable income of the trust, and further that the portion of the trust income for the respective years that was remaining after the payments made in such years to Mrs. Baer and to the Lewis Baer Foundation had been properly reported in net income for such years. [Opinion] The petitioners do not seriously contend that the payment of $4,800 made to Mrs. Baer during each of the taxable years in controversy should be allowed as a deduction to the trust. They recognize that under the will the amount was to be paid regardless of income and constituted a charge upon the estate as a whole. On brief, they concede that under the decisions involving this question such payments are not deductible. In view of the provisions *320 of the will, we think the respondent's determination on this issue was correct, and it is accordingly sustained. ; , and . The final question is whether the remainder of the income added to corpus in the years here in question is deductible under section 162 (a) of the Revenue Acts of 1936 and 1938. In section 162 (a) it is provided that "There shall be allowed as a deduction * * * any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside" for charitable purposes. According to the terms of the will the income in question was to be added to and to become part and parcel of the principal or corpus of the trust and one year after the death of Mrs. Baer "the then principal or corpus" of the trust was to be paid over to the Lewis Baer Foundation. May it be said on the facts here that the income in question was "permanently set aside" for the Lewis Baer Foundation? By the terms *321 of the will the trustees were not only authorized but directed to appropriate so much of the corpus as might be required to make up any deficiency in income for the purpose of paying the $4,800 per year to the decedent's widow, and so long as she lives it may not be said that any of the income, even though added to corpus at the end of the year, has been "permanently set aside" for charitable purposes. The income of the trust was not sufficient to pay the said $4,800 in 1933, and such may be the case in years to come. The deduction here claimed does not meet the test of the statute. ; affd., ; certiorari denied, ; ; and ; affd., . ; ; *322 and , relied on by petitioners, are not controlling because the facts in those cases, contrary to the facts here, were such as to show that the income was permanently set aside for charitable purposes. Decision will be entered under Rule 50. Footnotes
*. In the annual income of the respective years there are included the dividends paid in such years by the Realty Company, as heretofore shown, regardless of whether such dividends were paid out of income of the current year or out of income of prior years.↩